IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| KATHERINE MARIE WARD,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:25-cv-946 (RDA/LRV) |

**ORDER**

This matter is before the Court on the Report and Recommendation ("Recommendation") issued by U.S. Magistrate Judge Lindsey R. Vaala on June 15, 2026, and on the Objection thereto filed by Defendant Frank Bisignano ("Defendant") on June 29, 2026. Dkts. 12, 13. For the reasons that follow, the Court APPROVES and ADOPTS the Recommendation and OVERRULES the Objection.

I. BACKGROUND

This is a Social Security appeal in which Plaintiff Katherine M. Ward ("Plaintiff") seeks judicial review of the final decision denying her claim for Disability Insurance Benefits under the Social Security Act. Dkt. 1 at 5. In this case, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled as defined by the Social Security Act and its applicable regulations, and the Appeals Council for the Office of Appellate Operations ("Appeals Council") denied Plaintiff's request for review. On appeal to this Court, the parties have filed cross-motions for summary judgment. Dkts. 7, 8.[1]

[1] Although Plaintiff's brief is not titled as a motion for summary judgment, the Court, as did Magistrate Judge Vaala, construes the motion as such.

On June 15, 2026, Magistrate Judge Vaala issued the Recommendation, recommending that this Court deny Plaintiff's Motion for Summary Judgment, Grant the Defendant's Motion for Summary Judgement, and affirm the final decision of the Commissioner of the United States Social Security Administration ("Commissioner" or "Defendant"). Dkt. 12 at 17. On June 29, 2026, Defendant filed an Objection. Dkt. 13.

## II. STANDARD OF REVIEW

When evaluating a Recommendation, a district court employs different standards depending on whether a party has objected. If a party has not objected to the Recommendation, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). On the other hand, a district court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

Under the Social Security Act, a district court must affirm the Commissioner's final decision "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). The term "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Easterbrook v. Kijakazi*, 88 F.4th 502, 511 (4th Cir. 2023) (citations omitted). It is

"more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotations and citations omitted). In determining whether a decision is supported by substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Id.* (alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). It is the ALJ's duty—and not the reviewing court's—to resolve evidentiary conflicts. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *See Ingram*, 496 F.3d at 1260 (citation omitted).

## III. ANALYSIS

In the Recommendation, Magistrate Judge Vaala concluded that the ALJ properly evaluated the medical opinion of consultative examiner Hope McCoy, LPC ("McCoy"), and that substantial evidence supported the ALJ's residual functional capacity ("RFC") determination and step-five findings.[2] Dkt. 12 at 14-17. Specifically, Magistrate Judge Vaala found that the ALJ

---

[2] As Magistrate Judge Vaala explained, the RFC determination is an administrative assessment that considers all relevant medical and other evidence to determine "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting ... 8 hours a day, for 5 days a week . . . ." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). To formulate the RFC, the ALJ reviews "all of the relevant medical and other evidence" in the record and resolves any conflicts in the evidence. 20 C.F.R. §§ 404.1545(a)(3), 416.946(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

sufficiently "buil[t] an accurate and logical bridge" between the evidence and the RFC determination and adequately explained why Ms. McCoy's opinion was not entirely supported by or consistent with the record. *Id.* at 15 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Accordingly, the Recommendation recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's final decision. *Id.* at 17.

Plaintiff objects to the Recommendation on two related grounds. First, Plaintiff argues that the ALJ selectively relied on portions of McCoy's examination supporting a *mild* limitation in concentration, persistence, and pace ("CPP") while failing to adequately account for findings suggesting greater impairment. Dkt. 13 at 1-2. Specifically, Plaintiff points to McCoy's findings that Plaintiff exhibited "poor short-term memory," had an inability to "complete Serial 7 testing," and could not "recall three words after a five-minute delay." *Id.* at 2. Plaintiff further points to her reported symptoms of "anxiety, sleep deprivation, memory loss, headaches, emotional outbursts, panic attacks, difficulty concentrating, hypervigilance, shaking, and sweating," as evidence of moderate CPP limitations. *Id.*, at 2. Second, Plaintiff argues that the ALJ improperly relied on her social activities without adequately explaining how those activities related to her ability to concentrate, persist, or maintain pace. *Id.* at 2-3.

Upon a *de novo* review of the record, the Court finds that the ALJ adequately explained his evaluation of Ms. McCoy's opinion and that substantial evidence supports his determination. The ALJ did not disregard the portions of McCoy's examination suggesting greater cognitive impairment. Rather, the ALJ expressly acknowledged those findings and weighed them alongside McCoy's complete evaluation, other medical opinions, Plaintiff's treatment history, and evidence concerning Plaintiff's daily activities. *See* A.R. 26-30. In discussing McCoy's June 2024

evaluation, the ALJ acknowledged both favorable and unfavorable to Plaintiff. The ALJ accurately relayed McCoy's findings, noting in the record that, according to McCoy:

> The claimant's remote memory was good, though her short term memory appeared poor. The claimant's working memory and concentration remained intact, with good abstract reasoning and verbal reasoning skills. The claimants' judgment was fair, though her insight was good, and she demonstrated normal thought process with log and relevance.

A.R. at 26. Indeed, the ALJ likewise accurately mirrored McCoy's findings that Plaintiff suffered from key limitations that would affect her work, including: (i) a "mild-to-moderate impaired ability to maintain regular attendance in the workplace" and to "complete a normal workday or workweek without interruption," (ii) a "mild to moderate impaired ability at this lime to perform one or two step job instructions, detailed and complex tasks," and (iii) a "mild-to-moderate impaired ability to perform work activities, respond appropriately to changes in the work setting, or deal with usual stressors encountered in a competitive work environment without special accommodations, or additional support and supervision." A.R. 1207; *see also* A.R. 30. Significantly, however, McCoy ultimately assessed Plaintiff as having an "overall mild impairment level for functioning in full-time employment within a competitive work environment." A.R. 1207.

The ALJ did not impermissibly "pick and choose" only those portions of McCoy's examination that supported his conclusion. Dkt. 13 at 1. Instead, the ALJ analyzed McCoy's medical opinion within the broader context of Plaintiff's medical history and daily life. Despite finding McCoy's opinion "partially persuasive," the ALJ held that McCoy's finding that Plaintiff would not be "able to perform work activities on a consistent basis" and would struggle to interact with coworkers and customers as "internally consistent" with the record. A.R. 30-31. In particular, the ALJ arrived at this conclusion after considering mental health evaluations conducted between 2019 to 2023 and the Plaintiff's ability to travel extensively both domestically and internationally, keep up socially with friends and family, drive alone, and manage her own money. A.R. 29. The

ALJ found that, when taken together, this was indicative of the Plaintiff's ability to "concentrate, persist, and maintain some pace." A.R. 29; *see also* Dkt. 12 at 12.

This Court agrees that "such evidence is inconsistent with the assessment of significant difficulty getting along or interacting with others." A.R. 31. The Court recognizes that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Oakes v. Kijakazi*, 70 F.4th 207, 216 (4th Cir. 2023). However, one's ability to deal with the stress and responsibility of daily life bears on one's CPP, and it is particularly relevant when assessing the severity of the impairment alleged. The ALJ acknowledged that the activities taken on by the Plaintiff require some degree of sustained attention, planning, memory, and persistence which would bear on the functional capacity at issue. The ALJ did not conclude that Plaintiff lacked significant CPP limitations merely because she engaged in discrete social activities in isolation. Rather, the ALJ also considered numerous other opinions and evaluations. *See* A.R. 26-31 (whereby the ALJ analyzed the evaluations of Dr. McCoy, Dr. Rao, Dr. Siegel, Dr. Leizer, Dr. McClain, and more). Ultimately, the Court finds that the ALJ built the requisite "accurate and logical bridge" between the evidence and his evaluation of Ms. McCoy's opinion. *Monroe*, 826 F.3d at 189. Accordingly, for the foregoing reasons, the Plaintiff's Objection as to this conclusion overruled, and the Recommendation will be adopted.

## IV. CONCLUSION

Having reviewed Plaintiff's Objection, Defendant's Response, the record, and Magistrate Judge Vaala's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 12); and it is

FURTHER ORDERED that Plaintiff's Objection to the Recommendation (Dkt. 13) is OVERRULED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 8) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 7) is DENIED; and it is

FURTHER ORDERED that the ALJ's decision is AFFIRMED; and it is

FURTHER ORDERED that Rule 58 judgment is entered in favor of Defendant and against Plaintiff; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
September 29, 2026

/s/

Rossie D. Alston, Jr.
United States District Judge